WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicol Alicia Ybarra, | No. CV-20-00508-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Corporation, et al., | |
| Defendants. | |

Pending before the Court are *pro se* Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2.) For the following reasons, the Court exercises its authority pursuant to 28 U.S.C. § 1915(e)(2) and dismisses Plaintiff's Complaint without leave to amend.

**I.  LEGAL STANDARDS**

When a party seeks to proceed *in forma pauperis,* as Plaintiff does here, the Court "shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

   (i) is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2). "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis,* § 1915(e) applies to all *in forma pauperis* proceedings, not just those

filed by prisoners." *Long v. Maricopa Cmty. College Dist.,* 2012 WL 588965, at * 1 (D.Ariz. Feb. 22, 2012) (citing *Lopez v. Smith,* 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams,* 490 U.S. 319, 327–30 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). A district court judge has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

In addition to being nonfrivolous, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. ANALYSIS

The Court finds that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted. The two-page document does not identify any legal claims. It states that the Court "has jurisdiction over this matter pursuant to Murder §§ Crime." (Doc. 1 at 1.) The one-paragraph "complaint" is an unclear narrative alleging that "Circle K is guilty of crimes against humanity and is involved in organizing crimes against racism, hate, murder, crime ect. [sic] all against myself." (*Id.*) Plaintiff alleges that a Circle K security guard "took a picture of where I was standing beneath." (*Id.*) The complaint states, "I am saying that they had the photos then distributed to the police artificially." (*Id.*) The complaint concludes, "I am claiming that the police are involved in organizing against me through the use of white collar crime, like extortion and stolen property(a tv, car, and sell [sic] phone) that belongs to me and I have a report number for." (*Id.*) Plaintiff seeks

"Compensatory **Damages: $4 Billion Dollars** For the safety and security of the state and citizens of the state of Arizona." (*Id*. at 2.)

These allegations—to the extent they are construed as such—do not warrant consideration by this Court. The Complaint is premised on a nonexistent legal interest and a delusional factual scenario, and is therefore frivolous. *See Neitzke,* 490 U.S. at 327. The Complaint also fails to state a claim because its alleged facts are not "plausibly suggestive of a claim entitling the plaintiff to relief" and have not "raise[d] a reasonable expectation that discovery will reveal evidence" of a claim. *See Twombly*, 550 U.S. at 556 (2007). The Complaint will be dismissed.

The Court finds no reasonable factual or legal basis to grant Plaintiff leave to amend the Complaint. A district court should not grant leave to amend if it determines that a pleading cannot possibly be cured by the allegation of other facts. *See Lopez,* 203 F.3d at 1127. Leave to amend is also not proper in the presence of any of the following four factors: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace American Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). Because the Complaint fails to allege any facts or valid legal theory upon which to base a claim, leave to amend would, at minimum, be futile. The Court also notes, in reaching this conclusion, that Plaintiff has filed numerous other lawsuits in the District of Arizona within recent months that have been dismissed for the same or similar reasons.[1] The Court therefore will not permit Plaintiff leave to amend the Complaint.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2), the Complaint (Doc. 1) is **dismissed with prejudice** as frivolous and for failing to state a claim upon which relief may be granted. The Clerk is directed to enter judgment in favor of Defendant, against Plaintiff, and to terminate this action.

---

[1] *See, e.g., Ybarra v. Buckeye Police Dept. et al*, 2:20-cv-00003-DWL; *Ybarra v. Bicknell et al*, 2:20-cv-00006-JJT; *Ybarra v. Barnett Management Company*, 2:20-cv-00019-GMS; *Ybarra v. AJs Food and Market*, 2:20-cv-00116-JJT; *Ybarra v. Invasive Treatment Systems*, 2:20-cv-00115-DWL.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **denied as moot**.

Dated this 31st day of March, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge